# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| IHASSAN F. DAHLEH, ) | Bankruptcy No. 15 B 04203 |
|     Debtor, ) | |
| ) | |
| ANNA and GHAZI MUSTAFA, ) | |
|     Plaintiff ) | |
| v. ) | Adversary No. 16 A 00136 |
| IHASSAN FAYEZ DAHLEH, ) | |
|     Defendant ) | |
| ) | |
| MARC MUSTAFA, ) | |
|     Plaintiff ) | Adversary No. 16 A 00137 |
| v. ) | |
| IHASSAN F. DAHLEH ) | Consolidated for Trial |

## MEMORANDUM OPINION AND ORDER
### 1. Plaintiffs' Joint Motion to Conduct Additional Discovery (Adv. 16 A 136, Dkt. No. 86)
### 2. Defendant's Motion to Dismiss, Bar, Discovery, for Sanctions, etc. (Adv. 16 A 136, Dkt. No. 70)[1]

## BACKGROUND

Plaintiffs seek to bar discharge of Defendant, asserting a number of grounds. After extensive discovery under Rule 2004, Fed. R. Bank. P., Plaintiffs filed their Adversary Complaints earlier this year. The two captioned proceedings were consolidated for trial. As a trial date approached that was set by the Second Amended Pretrial Order dated September 23, 2016, (Dkt. No. 36 in Adv. No. 16 A 136; Dkt. No. 39 in Adv. No. 16 A 137), Plaintiffs' preparation was made exceptionally difficult in three ways: First, one of the Plaintiffs' attorneys took ill; second, the attorney for the other Plaintiff withdrew two weeks before trial and a new attorney substituted in; and third, the parties

---

[1] This Motion of Defendant was in five parts. Parts 1, 2, and 3 were ruled on (Dkt. 81) leaving parts 4 and 5 to be ruled on herein -- request for sanctions and to bar further discovery.

scheduled several depositions of important witnesses in the period a few days before trial. Nothing in those days went smoothly.

The normal stress of trial preparation was compounded by the apparent enmity between counsel, with complaints against each other, including insults by Plaintiffs against Defendant and his family. The Court has repeatedly ordered one counsel for a Plaintiff and the Defendant's attorney to stop interrupting discussions by the Court with the other counsel.

On the eve of earlier scheduled trial, Plaintiffs moved for a trial continuance, asserting that some important details of discovery had been revealed to them only recently. Failure to complete discovery is not normally a ground to continue trial, but another extraordinary event occurred. The Plaintiff, Marc Mustafa, asserted his Fifth Amendment privilege during his deposition as to some matters he alleged in one Complaint. This resulted in an order barring him from offering evidence on those matters.

In light of the Fifth Amendment issue, on top of the other stressful circumstances, trial continuance was ordered by Third Amended Pretrial Order dated November 15, 2016 (Dkt. No. 76 in Adv. No. 16 A 136; and Dkt No. 77 in Adv. No. 16 A 137). Upon Defendant's request, a huge trove of Defendant's trial exhibits were declared admissible because no objection had been filed against them by the deadline set by the Second Amended Pretrial Order (*see* Dkt. No. 92 in Adv. 16 A 137).

With the trial now delayed to start February 6, 2017, that decision allowed more time for more orderly discovery and trial preparation. No order was entered limiting time for discovery (Third Amended Pretrial Order dated November 15, 2016, Dkt. No. 76 in Adv. No. 16 A 136; and Dkt. No. 77 in Adv. No. 16 A 137), so no discovery deadline exists. However, in light of fierce

disputes between counsel, the Court required Defendant to outline further discovery requests before going forward. This was done by Plaintiffs (Dkt. No. 86). The pending Motion of Defendant seeks to bar such further discovery (Dkt. No. 70) and impose sanctions for proposed misleading pleadings filed by Plaintiffs.

## DISCUSSION

The detail showing by Defendant tends to show that Plaintiffs' attorneys missed several clues that warranted earlier discovery into the matters they now seek to address. Defendant argues that Plaintiffs' counsel falsified their grounds in their motion for trial continuance and should be sanctioned for causing needless expenses to Defendant, and barred from further discovery. Plaintiffs' counsel contest that charge. Without pausing to pass on details of the squabble it appears to the Court the Defendant has only shown that alert counsel for Plaintiffs could and should have performed earlier the discovery now requested.

However, no issue has been raised as to relevance of the discovery now sought, and it has not been shown that discovery now would interfere with preparation for the February trial.

Therefore, Defendant's pending Motion for Sanctions and to bar discovery will be **denied**, and discovery now sought by Defendant will be **allowed** with some limits imposed to avoid more discovery disputes, abuse of witnesses, and interference with trial preparation.

## CONCLUSION

Plaintiffs may issue their Proposed Third Party Deposition Subpoenas solely for production of records and authentication thereof.

Also, depositions may be taken by Plaintiffs of the following witnesses, but each deposition is limited to three hours in light of the case status and prior discovery that was taken:

> Ihassen Dahleh
> Hussain Aldairi
> Shihada Mustafa

The Motions of Defendant to impose sanctions and bar further discovery is hereby **denied**.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this _15_ day of December 2016

DEC 15 2016